UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORYEL A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:20-CV-1162-DWC <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") did not err in finding the marked and severe limitations assessed by Dr. McDuffee, Dr. Czysz, and Dr. Crampton inconsistent with the medical record. The ALJ did not err in finding that Plaintiff would be off task for ten percent of a workday, and even if the ALJ did err, any

error would be harmless given that this restriction is more serious than any limitation assessed by the other acceptable medical sources.

Accordingly, the ALJ's finding that Plaintiff was not disabled is supported by substantial evidence, and the Commissioner's decision is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for SSI on October 11, 2013, alleging a disability onset date of March 1, 2012, which he later amended to his application date. AR 9, 28, 133-41. Plaintiff's application was denied initially and upon reconsideration. AR 9, 76-79, 85-90. ALJ M.J. Adams held a hearing on November 18, 2014. AR 24-45, 554-75. On January 29, 2015, ALJ Adams issued a decision finding that Plaintiff was not disabled. AR 6-19, 466-79. On April 11, 2016, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-4, 484-87.

On March 15, 2017, this Court issued an order reversing ALJ Adams' decision and remanding this case for reconsideration of Plaintiff's testimony and the opinions of examining psychologists Victoria McDuffee, Ph.D. and James Czysz, Ph.D. AR 491-505. On May 9, 2017, the Appeals Council issued an order vacating the ALJ's decision and remanding the case for further proceedings. AR 511-14. On September 1, 2017, following a stipulation by the parties, this Court issued an amended remand order clarifying that the period at issue in this case begins on Plaintiff's application date, October 11, 2013. AR 515-29, 537-53. On September 8, 2017, the Appeals Council issued a new remand order consistent with the Court's amended order. AR 531-36.

On November 14, 2017, ALJ Adams held a new hearing. AR 446-65, 868-87. On May 16, 2018, ALJ Adams issued a decision finding that Plaintiff was not disabled. AR 422-40, 829-47.

On April 18, 2019, this Court issued an order reversing ALJ Adams' decision and remanding this case for reconsideration of the opinions of Dr. McDuffee and Dr. Czysz. AR 857-63. On May 13, 2019, the Appeals Council issued an order vacating the ALJ's decision and remanding the case for further proceedings. AR 864-67.

On March 11, 2020, ALJ Timothy Mangrum held a new hearing. AR 804-28. On March 31, 2020, ALJ Mangrum issued a decision finding that Plaintiff was not disabled. AR 785-97.

Plaintiff filed a complaint in this Court seeking judicial review of ALJ Mangrum's March 31, 2020 decision. Dkt. 4.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly discounting the opinions of examining psychologists Victoria McDuffee, Ph.D., James Czysz, Ph.D., and J. Alex Crampton, Psy.D.; and (2) not providing sufficient explanation for an "off-task" limitation in Plaintiff's residual functional capacity ("RFC"). Dkt. 12, pp. 3-17. Plaintiff asks this Court to remand this case for an award of benefits. *Id.* at 17-18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.   Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff contends that the ALJ erred in evaluating the opinions of Dr. McDuffee, Dr. Czysz, and Dr. Crampton. Dkt. 12, pp. 3-16.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

### A. Dr. McDuffee

Psychologist Dr. McDuffee examined Plaintiff on November 25, 2013 for the Washington Department of Social and Health Services ("DSHS"). AR 324-34. Dr. McDuffee's evaluation consisted of a clinical interview, a mental status examination, a review of the available record, and psychological testing. Based on this evaluation, Dr. McDuffee opined that Plaintiff would have a range of moderate, marked, and severe work-related mental limitations. AR 326-27.

The ALJ assigned "little weight" to Dr. McDuffee's opinion, reasoning that: (1) Plaintiff's presentation during Dr. McDuffee's examination was inconsistent with his otherwise unremarkable presentation during routine appointments; (2) Dr. McDuffee appears to have relied in part on Plaintiff's presentation during the examination in assessing Plaintiff's limitations, which is inconsistent with Dr. McDuffee's statement that Plaintiff's presentation and reporting

failed to support his symptoms, as he was sitting in a crowded waiting area looking unconcerned; (3) Dr. McDuffee's assessment of marked limitations is inconsistent with her recommendation that Plaintiff engage in job training; (4) Dr. McDuffee did not review any outside treatment notes; and (5) Plaintiff worked after his alleged onset date, earning more than $11,000 in 2018. AR 794-95.

With respect to the ALJ's first reason, an inconsistency with the medical record can serve as a specific and legitimate reason for discounting limitations assessed by a physician. *See* 20 C.F.R. § 416.927(c)(4); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

Here, the ALJ found that Dr. McDuffee's opinion was inconsistent with treatment records from the period at issue, which revealed that while Plaintiff occasionally exhibited signs of depression, he was typically alert and oriented, presented with appropriate mood and affect, and exhibited friendly behavior, good eye contact, normal speech, normal psychomotor activity, organized and linear thought processes, normal thought content, and normal memory. AR 302, 305, 310, 312, 317, 348, 355, 393, 397, 656, 661-62, 666-67, 669-70, 672-73, 678-79, 682-83, 687-88, 691-92, 696-97, 699-700, 702-03, 705, 709-10, 712-13, 715, 718-19, 726, 734, 739, 746, 752, 756, 760, 763, 767, 771, 774, 779, 783.

The ALJ's finding is supported by the longitudinal record, and the ALJ has provided a specific and legitimate reason for discounting Dr. McDuffee's opinion.

While the ALJ has provided additional specific and legitimate reasons for discounting Dr. McDuffee's opinion, the Court need not assess whether these reasons were proper, as any error would be harmless. *Presley-Carrillo v. Berryhill,* 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although

ALJ erred with regard to one reason he gave for discounting a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

**B.     Dr. Czysz**

Psychologist Dr. Czysz examined Plaintiff on March 26, 2014 for DSHS. AR 407-14. Dr. Czysz's examination consisted of a clinical interview, a mental status examination, psychological testing and a review of Dr. McDuffee's opinion. Based on this evaluation, Dr. Czysz opined that Plaintiff would have a range of moderate and marked work-related mental limitations. AR 409.

The ALJ assigned "little weight" to Dr. Czysz's opinion for the same reasons he discounted Dr. McDuffee's opinion, and for the reasons discussed above, the ALJ has provided specific and legitimate reasons for discounting his opinion. AR 794-95; *see supra* Section I.A.

**C.     Dr. Crampton**

Psychologist Dr. Crampton examined Plaintiff on July 15, 2016 for DSHS. AR 963-67. Dr. Crampton's evaluation consisted of a clinical interview, a mental status examination, and a review of Dr. Czysz's opinion. Based on this evaluation. Dr. Crampton opined that Plaintiff would have a range of moderate, marked, and severe mental limitations, and that Plaintiff's overall degree of limitation would be severe. AR 965.

The ALJ assigned "little weight" to Dr. Crampton's opinion for the same reasons he discounted the opinions of Dr. Dr. McDuffee and Dr. Czysz, and for the reasons discussed above, the ALJ has provided specific and legitimate reasons for discounting Dr. Crampton's opinion. AR 795; *see supra* Sections I.A and I.B.

**II.      Whether the ALJ erred in assessing Plaintiff's RFC.**

Plaintiff contends that the ALJ erred by not providing an adequate explanation for including in Plaintiff's residual functional capacity a restriction that Plaintiff would be off-task for 10 percent of workday. Dkt. 12, pp. 16-17.

The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC. *Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996, 1006 (9th Cir. 2015). Here, the ALJ found that Plaintiff would off task and not productive ten percent of the workday because of his combined psychological and pain symptoms. AR 794.

As such, the ALJ has explained why Plaintiff would be off-task for ten percent of a workday. However, even if this explanation were inadequate, any error would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (Harmless error principles apply in the Social Security context). Plaintiff does not cite any evidence consistent with a conclusion that Plaintiff would be off task for more than 10 percent of a workday, and none of the medical opinions credited by the ALJ contained such a serious work-related limitation. AR 55-57, 69-71, 71-73, 415-19, 795-96; *see Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors"); *see also Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to explain how the ALJ harmfully erred).

Accordingly, the ALJ did not err in assessing Plaintiff's RFC.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 22nd day of April, 2021.

David W. Christel
United States Magistrate Judge